CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 0 5 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES AARON HABURN, a minor )
by his next friend, JAMES D. HABURN, )
) Civil Action No. 7:09cv 00074
Plaintiff, )
)
v. ) MEMORANDUM OPINION
)
DET. M. C. DEAN, ET AL., ) By: Samuel G. Wilson
) United States District Judge
Defendants. )

This is an action for compensatory and punitive damages by James D. Haburn ("Haburn") on behalf of his minor grandson, James Aaron Haburn, against various persons associated with a business, Replay Games & DVD, Inc. ("Replay"), where his grandson allegedly attempted to sell a stolen video game system; the officer who investigated the offense and apparently brought charges, Detective M.C. Dean; and his grandson's juvenile probation officer, Jay Gaylor.[1] Haburn asserts federal claims under 42 U.S.C. §§ 1983, 1984 and 1985, based on the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment, with jurisdiction pursuant to 28 U.S.C. § 1334, and a state law claim for intentional infliction of emotional distress and for negligent retention and supervision, with jurisdiction pursuant to 28 U.S.C. §1367. Haburn seeks to proceed *in forma pauperis* under 28 U.S.C. §1915. The court permits Haburn to proceed *in forma pauperis*, but dismisses his federal claims without prejudice for failure to state a claim upon which relief can be granted and declines to exercise supplemental jurisdiction over the state law claims.

---

[1] Haburn alleges that he has legal custody of his grandson who is 16 years old and that he is entitled to bring this action on his grandson's behalf as his next friend.

**I.**

Haburn's complaint alleges that the Juvenile Domestic Relations Court sentenced his grandson to "life on probation" for unspecified offenses and as a condition of his grandson's probation, prohibited his grandson from having contact with a child his grandson allegedly fathered out of wedlock. His complaint also alleges that his grandson was falsely charged in November 2008 with attempting to sell an allegedly stolen video game to Replay and absconded from supervision and remains a "fugitive" due to emotional distress.

**II.**

Haburn seeks to hold his grandson's probation officer liable for the terms of his probation, including his failure to reassess and change those conditions. Haburn claims that the conditions of his grandson's probation– the length of his probation and his inability to have contact with his child– violate the Eighth Amendment as well as the due process and equal protection clauses of the Fourteenth Amendment. Contextually, Haburn's claims are frivolous. The Juvenile Domestic Relations Court is responsible for setting the terms of his grandson's probation, not his grandson's probation officer. This is not an appellate court. It does not review state court decisions. See Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). If Haburn's grandson objects to the terms of his probation, he has the right to appeal to the circuit court, to Virginia's appellate courts, and ultimately the Supreme Court of United States. However, the conditions of his supervision are not grist for a civil rights action against his probation officer.[2]

Pursuant to 28 U.S.C. § 1915(e)(2)(B) a court may "at any time" dismiss an *in forma*

---

[2] Moreover, as a general rule, probation officers are absolutely immune from suit for damages for alleged misconduct in investigating, preparing, and submitting a presentence report. Hill v. Sciarrotta, 130 F.3d 210, 213 (2d Cir. 1997).

*pauperis* claim if it "fails to state a claim on which relief may be granted." Accordingly, the Court dismisses Haburn's claims against Gaylor.

### III.

Haburn claims that Officer Dean conspired with agents of Replay to bring false charges against his grandson. Haburn alleges that officer Dean violated the Fourteenth Amendment due process and equal protection rights of his fugitive grandson to a "truthful prosecution" and to be free from "fraudulent, selective, and malicious prosecution." In essence, he would have this court decide the very factual issues the Juvenile Domestic Relations court would decide if his fugitive grandson would show up for trial. Although it seems to this Court that some form of federal abstention based on federalism and comity also would be appropriate, the Court dismisses simply because Haburn has failed to state a federal claim upon which relief can be granted against Dean.

"Factual allegations must be enough to raise a right to relief above the speculative level;" the complaint must have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1974 (2007). Here, Haburn has not alleged "enough facts to state a claim for relief that is plausible on its face." More fundamentally, he has not alleged facts supporting a viable claim that Dean has maliciously prosecuted his grandson in violation of federal law. A malicious prosecution claim under § 1983, at a minimum, requires both a favorable termination and a constitutional violation. See Lambert v. Williams, 223 F.3d 1057 (4th Cir. 2000). The facts Haburn alleges support neither. Accordingly, the court will dismiss Haburn's claims against Dean without prejudice pursuant to § 1915(e)(2)(B).

### IV.

Although Haburn alleges a conspiracy involving Dean and Replay's agents to maliciously

prosecute his grandson in violation of federal law, the claim fails for the same reason his claims against Dean individually fail, and the Court dismisses them without prejudice pursuant to § 1915(e)(2)(B).

V.

Because the court has dismissed all claims over which it has original jurisdiction, it declines under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Haburn's state law claims.

VI.

For the above-stated reasons, the Court dismisses Haburn's complaint without prejudice.[3]

**ENTER**: This March 5th, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that it perceives no federal interest in providing a forum to air claims of a fugitive effectively challenging the underlying factual basis of the charges against him, even if he is a minor, see Felix v. Goya Foods, Inc., No. 95-7519, 1995 WL 763012, at *1 (2d Cir. Dec. 27, 1995); but see Jaffe v. Accredited Sur. & Cas. Co., 294 F.3d 584, 596 (4th Cir. 2002), and it questions the suitability of his grandfather to pursue litigation in his behalf. Because the court dismisses Haburn's complaint without prejudice it finds no need to appoint a guardian ad litem for Haburn's grandson as to these claims.